UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA PERNA-SCHWARTZ, | Case No. 16-cv-00427-JD |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| SAN FRANCISCO SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. She has been granted leave to proceed in forma pauperis.

## DISCUSSION

### I.      STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

United States District Court
Northern District of California

1   the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

2   omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

3   face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

4   standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

5   must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

6   should assume their veracity and then determine whether they plausibly give rise to an entitlement

7   to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

9   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

10  committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

11  **II.    LEGAL CLAIMS**

12      Plaintiff states that while at San Francisco County Jail she was the victim of excessive

13  force, she was sexually harassed, and forced to expose herself to other inmates.  The Due Process

14  Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of

15  excessive force that amounts to punishment.  *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)

16  (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)); cf. *Pierce v. Multnomah County, Oregon*, 76

17  F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment reasonableness standard applies to

18  allegations of use of excessive force against pre-arraignment detainee).  To prevail under 42

19  U.S.C. section 1983, a pretrial detainee must show only that the "force purposely or knowingly

20  used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473

21  (2015).  "A court must make this determination from the perspective of a reasonable officer on the

22  scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*  "A

23  court (judge or jury) cannot apply this standard mechanically." *Id.*  "[O]bjective reasonableness

24  turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*,

25  490 U.S. at  396).  A non-exhaustive list of considerations that may bear on the reasonableness of

26  the force used include "the relationship between the need for the use of force and the amount of

27  force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit

28  the amount of force; the severity of the security problem at issue; the threat reasonably perceived

United States District Court
Northern District of California

1    by the officer; and whether the plaintiff was actively resisting." *Id.*

2    A cross-gender strip search that involves touching the inmate's genitalia and searching

3    inside his anus is unreasonable as a matter of law in a non-emergency situation. *Byrd v. Maricopa*

4    *Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc). Although a cross-gender

5    strip search is unreasonable, that does not mean that all cross-gender searches are unreasonable, or

6    that prisoners of one gender may not be guarded by guards of the other gender. Thus, the holding

7    in *Byrd* is not inconsistent with the earlier holding in *Grummett v. Rushen*, 779 F.2d 491, 494 (9th

8    Cir. 1985), that upheld a system of assigning female officers within a correctional facility such

9    that they occasionally viewed male inmates in various states of undress and conducted routine pat-

10   downs of fully clothed inmates. *See Byrd*, 629 F.3d at 1142. Assigned positions of female guards

11   that require only infrequent and casual observation, or observation at a distance, of unclothed male

12   prisoners and that are reasonably related to prison needs are not so degrading as to warrant court

13   interference. *See Michenfelder v. Summer*, 860 F.2d 328, 334 (9th Cir. 1988); *Grummett*, 779

14   F.2d at 494-95; *see also Jordan v. Gardner*, 986 F.2d 1521, 1524-25 (9th Cir. 1993) (en banc)

15   (privacy interest in freedom from cross-gender clothed body searches not "judicially recognized").

16   The issue is whether officers regularly or frequently observe unclothed inmates of the opposite sex

17   without a legitimate reason for doing so. *See Michenfelder*, 860 F.2d at 334.

18   Plaintiff states that she was the victim of excessive force that resulted in bruised wrists, a

19   black eye, and sprained finger. She also states that she was forced to remove her pants in front of

20   other inmates and she was sexually harassed by a deputy. The only defendant is Lt. Krol, though

21   plaintiff does not identify his specific actions in the complaint.

22   The complaint is dismissed with leave to amend to identify the specific actions of the

23   defendant and to describe how her constitutional rights were violated in more detail. Plaintiff has

24   also attached a grievance she filed with the jail that provides additional information and names

25   additional jail deputies. However, the grievance describes several incidents and it is not clear

26   which incident is the subject of the complaint. Plaintiff should be clear in an amended complaint

27   regarding the underlying facts of her action and if she wants to proceed against these other

28   deputies she must name them as defendants in an amended complaint and identify their specific

3

actions.

## CONCLUSION

1.      The complaint is **DISMISSED** with leave to amend.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  She may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this case.

2.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  March 17, 2016

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA PERNA-SCHWARTZ,<br><br>                    Plaintiff,<br><br>         v.<br><br>SAN FRANCISCO SHERIFF'S<br>DEPARTMENT, et al.,<br><br>                    Defendants. | Case No.  16-cv-00427-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melissa  Perna-Schwartz
#15668342
425 7th Street
San Francisco, CA 94103

Dated: March 17, 2016

Susan Y. Soong
Clerk, United States District Court

By:
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO